```
                    IN THE UNITED STATES DISTRICT COURT
                   FOR THE WESTERN DISTRICT OF TENNESSEE
                              WESTERN DIVISION
```

ANTONIO DOCKERY,

       Plaintiff,

vs.                                    No. 06-2652-B/V

JAMES R. NOWLIN, et al.,

       Defendants.

```
                          ORDER TO COMPLY WITH PLRA
                     ORDER ASSESSING $350 CIVIL FILING FEE
                               ORDER OF DISMISSAL
                       ORDER DENYING APPOINTMENT OF COUNSEL
                   ORDER CERTIFYING APPEAL NOT TAKEN IN GOOD FAITH
                                        AND
                          NOTICE OF APPELLATE FILING FEE
```

Plaintiff Antonio Dockery, booking number 6111286, a pretrial detainee at the Shelby County Criminal Justice Center ("Jail")[1] in Memphis, Tennessee, filed a pro se complaint pursuant to 42 U.S.C. § 1983 on September 27, 2006. The Clerk shall record the defendants as James R. Nowlin, Craig V. Morton, the Morton and Germany Law Firm, and the State of Tennessee.

I.    Assessment of Filing Fee

Under the Prison Litigation Reform Act of 1995 ("PLRA"), 28 U.S.C. § 1915(b), all prisoners bringing a civil action must pay

---

[1] The word "prison" is used in this order to refer to all places of confinement or incarceration, including jails, penal farms, detention and classification facilities, or halfway houses.

the full filing fee of $350 required by 28 U.S.C. § 1914(a).[2] The in forma pauperis statute, 28 U.S.C. § 1915(a), merely provides the prisoner the opportunity to make a "downpayment" of a partial filing fee and pay the remainder in installments.

In this case, Plaintiff has properly completed and submitted an in forma pauperis affidavit containing a certification by the inmate trust fund officer. Although Plaintiff has not submitted a certified trust fund account statement, the information supplied by Plaintiff is sufficient to permit assessment of the filing fee. Pursuant to 28 U.S.C. § 1915(b)(1), it is ORDERED that Plaintiff cooperate fully with prison officials in carrying out this order. It is ORDERED that, within thirty (30) days of the entry of this order, Plaintiff file a certified copy of his trust fund account statement for the six months prior to the commencement of this action. It is further ORDERED that the trust fund officer at Plaintiff's prison shall calculate a partial initial filing fee equal to twenty percent (20%) of the greater of the average balance in or deposits to the Plaintiff's trust fund account for the six months immediately preceding the completion of the affidavit. When the account contains any funds, the trust fund officer shall collect them and pay them directly to the Clerk of Court. If the funds in Plaintiff's account are insufficient to pay the full amount of the initial partial filing fee, the prison official is instructed to withdraw all of the funds in Plaintiff's account, and

---

[2] Effective April 9, 2006, the civil filing fee increased from $250 to $350.

forward them to the Clerk of Court. On each occasion that funds are subsequently credited to Plaintiff's account, the prison official shall immediately withdraw those funds and forward them to the Clerk of Court, until the initial partial filing fee is paid in full.

It is further ORDERED that after the initial partial filing fee is fully paid, the trust fund officer shall withdraw from Plaintiff's account and pay to the Clerk of this Court monthly payments equal to twenty percent (20%) of all deposits credited to Plaintiff's account during the preceding month, but only when the amount in the account exceeds $10.00, until the entire $350.00 filing fee is paid.

Each time that the trust fund officer makes a payment to the Court as required by this order, he shall print a copy of the prisoner's account statement showing all activity in the account since the last payment under this order and file it with the Clerk along with the payment.

All payments and account statements shall be sent to:

   Clerk, United States District Court, Western District of
   Tennessee, 167 N. Main, Room 242, Memphis, TN 38103

and shall clearly identify Plaintiff's name and the case number on the first page of this order.

If Plaintiff is transferred to a different prison or released, he is ORDERED to notify the Court immediately of his change of address. If still confined he shall provide the officials at the new prison with a copy of this order.

If Plaintiff fails to abide by these or any other requirement of this order, the Court may impose appropriate sanctions, including a monetary fine, without any additional notice or hearing by the Court.

The Clerk shall mail a copy of this order to the prison official in charge of prison trust fund accounts at Plaintiff's prison. The Clerk is further ORDERED to forward a copy of this order to the Jail Director to ensure that the custodian of Plaintiff's inmate trust account complies with that portion of the PLRA pertaining to the payment of filing fees.

The obligation to pay this filing fee shall continue despite the immediate dismissal of this case. 28 U.S.C. § 1915(e)(2). The Clerk shall not issue process or serve any papers in this case.

II.  Analysis of Plaintiff's Claims

Defendants Nowlin and Morton are attorneys who practice with the firm of Morton and Germany, which is also a party to this action. Plaintiff is unhappy with the legal representation his attorneys have afforded in his criminal cases, which are pending in state court. Although Plaintiff's precise complaints with his attorneys' performance are not clearly specified, it appears his attorneys waived a preliminary hearing without his consent. Plaintiff seeks monetary compensation.

The Court is required to screen prisoner complaints and to dismiss any complaint, or any portion thereof, if the complaint—

>   (1)  is frivolous, malicious, or fails to state a claim upon which relief may be granted; or

>      (2)  seeks monetary relief from a defendant who is
> immune from such relief.

28 U.S.C. § 1915A(b); <u>see also</u> 28 U.S.C. § 1915(e)(2)(B). Plaintiff's complaint is subject to dismissal in its entirety.

First, Plaintiff cannot sue Defendants Nowlin, Morton, or Morton and Germany under 42 U.S.C. § 1983, which encompasses violations of the federal Constitution or federal law by individuals acting under color of state law. "A § 1983 plaintiff may not sue purely private parties." <u>Brotherton v. Cleveland</u>, 173 F.3d 552, 567 (6th Cir. 1999). Thus, "[i]n order to be subject to suit under § 1983 claim, defendant's actions must be fairly attributable to the state." <u>Collyer v. Darling</u>, 98 F.3d 211, 231-32 (6th Cir. 1997). The law is clear that criminal defense attorneys do not act under color of state law for purposes of § 1983. <u>Polk County v. Dodson</u>, 454 U.S. 312 (1981); <u>see also</u> <u>McCord v. Bailey</u>, 636 F.2d 606, 613 (D.C. Cir. 1979) (applying <u>Polk County</u> to retained criminal lawyers). Accordingly, the Court DISMISSES the complaint as to Defendants Nowlin, Morton, and Morton and Germany, pursuant to 28 U.S.C. §§ 1915(e)(2)(B)(ii) and 1915A(b)(1), for failure to state a claim on which relief may be granted.

The complaint contains no factual allegations concerning the State of Tennessee. When a plaintiff completely fails to allege any action by a defendant, it necessarily "appears beyond doubt that the plaintiff can prove no set of facts which would entitle him to relief." <u>Spruytte v. Walters</u>, 753 F.2d 498, 500 (6th Cir. 1985).

Finally, Plaintiff cannot obtain money damages from the State of Tennessee. Absent a clear abrogation of immunity by

congressional action or an express state waiver of that immunity, the Eleventh Amendment prohibits suits for damages against a state in federal court. <u>Kentucky v. Graham</u>, 473 U.S. 159, 165-66 (1985); <u>Pennhurst State Sch. & Hosp. v. Halderman</u>, 465 U.S. 89, 98-100 (1984); <u>Quern v. Jordan</u>, 440 U.S. 332 (1979). Tennessee has not waived its sovereign immunity. Tenn. Stat. Ann. § 20-13-102(a). Furthermore, a state is not a person within the meaning of 42 U.S.C. § 1983. <u>Will v. Michigan</u>, 491 U.S. 58, 71 (1989). Plaintiff's claim for money damages against the State of Tennessee is barred by the Eleventh Amendment and is not cognizable under § 1983. The Court DISMISSES the complaint with respect to the State of Tennessee, pursuant to 28 U.S.C. §§ 1915(e)(2)(B)(ii) and 1915A(b)(1), for failure to state a claim on which relief may be granted, and pursuant to 28 U.S.C. §§ 1915(e)(2)(B)(iii) and 1915A(b)(2), as it seeks monetary relief against a defendant who is immune from such relief.

In light of the dismissal of the complaint, the motion for appointment of counsel is DENIED as moot.

III. <u>Appeal Issues</u>

The next issue to be addressed is whether Plaintiff should be allowed to appeal this decision <u>in forma pauperis</u>. Twenty-eight U.S.C. § 1915(a)(3) provides that an appeal may not be taken <u>in forma pauperis</u> if the trial court certifies in writing that it is not taken in good faith.

The good faith standard is an objective one. <u>Coppedge v. United States</u>, 369 U.S. 438, 445 (1962). An appeal is not taken in good faith if the issue presented is frivolous. <u>Id.</u> Accordingly, it

would be inconsistent for a district court to determine that a complaint should be dismissed prior to service on the defendants, yet has sufficient merit to support an appeal in forma pauperis. See Williams v. Kullman, 722 F.2d 1048, 1050 n.1 (2d Cir. 1983). The same considerations that lead the Court to dismiss this case for failure to state a claim also compel the conclusion that an appeal would not be taken in good faith.

It is therefore CERTIFIED, pursuant to 28 U.S.C. § 1915(a)(3), that any appeal in this matter by Plaintiff is not taken in good faith and Plaintiff may not proceed on appeal in forma pauperis.

The final matter to be addressed is the assessment of a filing fee if Plaintiff appeals the dismissal of this case.[3] In McGore v. Wrigglesworth, 114 F.3d 601, 610-11 (6th Cir. 1997), the Sixth Circuit set out specific procedures for implementing the PLRA. Therefore, Plaintiff is instructed that, if he wishes to take advantage of the installment procedures for paying the appellate filing fee, he must comply with the procedures set out in McGore and § 1915(b).

---

[3] Effective April 9, 2006, the fee for docketing an appeal is $450. See Judicial Conference Schedule of Fees, ¶ 1, Note following 28 U.S.C. § 1913. Under 28 U.S.C. § 1917, a district court also charges a $5 fee:

> Upon the filing of any separate or joint notice of appeal or application for appeal or upon the receipt of any order allowing, or notice of the allowance of, an appeal or of a writ of certiorari $5 shall be paid to the clerk of the district court, by the appellant or petitioner.

For analysis under 28 U.S.C. § 1915(g) of future filings, if any, by Plaintiff, this is the second dismissal in this district of one of his cases as frivolous or for failure to state a claim.[4]

IT IS SO ORDERED this 17th day of November, 2006.

                                                 s/ J. DANIEL BREEN
                                                 UNITED STATES DISTRICT JUDGE

---

[4] Plaintiff previously filed <u>Dockery v. White</u>, No. 02-2277-D/V (W.D. Tenn. dismissed for failure to state a claim June 4, 2002), a legal malpractice action based on the identical theory as that advanced in the instant complaint.